UNITED STATES

v.

**Airman Darryl J. WARD, FR 551–63–1882, United States Air Force.**

ACM 27447.

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Oct. 1988.

Decided 19 Oct. 1989.

———

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Bernard E. Doyle, Jr.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Terry M. Petrie, Captain David G. Nix and Captain Morris D. Davis.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

DECISION

PER CURIAM:

This case came to us on its merits. During our review of the record, we became concerned about the possibly inferior quality of the paper on which it was typed. The paper's appearance reminded us of no-carbon-required form paper.

Our review of the record began less than five months after the court-martial, and less than two months after the convening

---

authority took his action. Despite this short time, the paper used to prepare the record had darkened noticeably to a beige color which looked like old newsprint. Because we were concerned that this record might not meet requirements for a permanent record, we specified this issue:

DOES THE PAPER USED TO TRANSCRIBE THE RECORD OF TRIAL IN THIS CASE FULFILL THE REQUIREMENTS FOR A PERMANENT RECORD? *See* Air Force Regulation 12–50, Vol II, *Disposition of Air Force Records, Records Disposition Standards,* Table 111–1, Rule 2 (30 Oct 87).

To answer this specified issue, appellate defense counsel contacted the National Archives and Records Administration, the agency charged with declaring the standards for all permanent records of the United States. They discovered that the paper was no-carbon-required paper which was part of a two sheet manifold which was prepared for tractor-feeding in a printer. After months of laboratory testing, a supervisory chemist in the Document Conservation Branch of the National Archives Research and Testing Laboratory issued an opinion letter in which she concluded that "the tendency of this paper to darken on exposure to light would exclude it from consideration as permanent record paper."

In their response to the defense motion and brief on the specified issue, appellate government counsel apparently conceded the inferior nature of the paper and state, "the proper resolution of this matter would be to return a copy of the record, made upon 'permanent paper,' to the military judge for authentication." We concur.

Accordingly, the record of trial is returned to the Judge Advocate General for return to the convening authority where a record of trial, and certificate of correction, can be prepared and forwarded to the military judge for authentication. When this action is complete, the record should be returned for our further review.